FILED

2014 APR 18 PM 4: 27

CLERK U.S. DISTRICT COURT
SANTA ANA

1   COAST LAW CENTER
2   Jim Q. Tran (SBN 274880)
    5 Park Plaza, Suite 650
3   Irvine, CA 92614
    Tel. (949) 743-3362
4   Fax (949) 417-1468
    casefilings@coastlawcenter.com
5   Attorney for Plaintiff
6   Andrew Lu

7

8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
                      EASTERN DIVISION
10
    ANDREW LU, an individual,        CASE NO.   SACV14-00624 R (JPRx)
11
12                                   COMPLAINT FOR DAMAGES
13                                     1- WILLFUL VIOLATION OF FAIR
                                          CREDIT REPORTING ACT 15 U.S.C.
14                                        §1681n *ET SE.Q.*
             Plaintiff,                2- NEGLIGENT VIOLATION OF FAIR
15                                        CREDIT REPORTING ACT 15 U.S.C.
                                          §1681o *ET SEQ.*
16      vs.                            3- VIOLATION OF CALIFORNIA
                                          CONSUMER CREDIT REPORTING
17                                        AGENCIES ACT, CALIFORNIA CIVIL
                                          CODE §1785 *ET SEQ.*
18                                     4- VIOLATION OF FAIR DEBT
                                          COLLECTION PRACTICES ACT, 15
19  NORTHERN RESOLUTION GROUP LLC;       U.S.C. §1692 *ET SEQ.*
    a Delaware Limited Liability Company and 5- VIOLATION OF CALIFORNIA
20  DOES 1-10, inclusive,                 ROSENTHAL FAIR DEBT COLLECTION
                                          PRACTICES ACT CALIFORNIA CIVIL
21                                        CODE 1788 *ET SEQ.*
                                       6- WILLFUL VIOLATION OF TELEPHONE
22                                        CONSUMER PROTECTION ACT 47
                                          U.S.C. §227 ET SEQ.
23           Defendants.               7- NEGLIGENT VIOLATION OF
                                          TELEPHONE CONSUMER
24                                        PROTECTION ACT 47 U.S.C. §227 ET
                                          SEQ.
25

26                                   DEMAND FOR JURY TRIAL
27
28
                                      1

Plaintiff ANDREW LU ("Plaintiff"), by and through his Counsel, asserts this Complaint against NORTHERN RESOLUTION GROUP, and DOES 1-10 (hereinafter "Defendant") and alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      Congress enacted the FCRA in 1970 to establish Consumer's rights to privacy over their Credit and Financial information and to ensure the *"Accuracy and Fairness of Credit Reporting."* 15 U.S.C. § 1681. (Emphasis Added)

2.      The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(a)(4) reads in relevant part: "there is a need to insure that Consumer Credit Reporting Agencies exercise their *grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy*." (Emphasis Added)

3.      The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(b) reads in relevant part: "It is the purpose of this title to **require** that Consumer Reporting Agencies adopt *reasonable procedures* for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (Emphasis Added)

4.      The FCRA regulates credit reporting agencies as well as creditors, collection agencies, and other parties who provide information to Credit Reporting Agencies and/or obtain and use the Consumer Credit Reports.

5.      15 U.S.C. §1681n(a) and §1681o(a), create private rights of actions consumers can initiate against violators of any provision of the FCRA with regards to their credit.  In *DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000) the court confirmed that *"...the plain language of [15 U.S.C. § 1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300

(D.N.M. 2000). (Emphasis Added)

6.      The FDCPA was enacted in 1977 in order to regulate the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and that abusive debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State Action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

7.      The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of any violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the *"least sophisticated"* consumer. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). ***This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking and the credulous." Clomon v. Jackson*** 988 *F. 2d 1314, 1318-19 (2nd Cir. 1993).* (Emphasis Added)

8.      To prohibit harassment and abuses by debt collectors, the FDCPA at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

9.      The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

10.     California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code § 1785 .25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

11.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19.

12.     California Civil Code §1785.11(a), describes the permissible purpose for which a person may obtain a consumer report. Such permissible purposes as described by the California Civil Code §1785.1(a) is generally, when the consumer makes an application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

13.     *Sanai v. Saltz, et al.*, (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may re-plead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected Creditors' and Consumer Reporting Agencies' arguments that the FCRA bars state law claims.

14.     Telephone Consumer Protection Act (TCPA) was enacted by congress in 1991 to protect the consumers against unlawful means used by solicitors. 47 U.S.C. §227(b) provides that "it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make a call to any

telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

## PRIVATE RIGHT OF REMEDY

15.     15 U.S.C. § 1681n and § 1681o refer to consumer' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with any provisions of the FCRA.

16.     *Gorman v. MBNA America Bank, N.A.* No. 06-17226 further established that consumers are entitled to a private remedy against Furnishers for noncompliance with their obligations enforced under § 1681s-2(b).

17.     California Civil Code §1785.19 states that "In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty..."

18.     15 U.S.C. §1692k(a) state that "...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person"

19.     California Civil Code §1788.30(f) states that "Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation."

20.     47 U.S.C. §1527(b)(3) states that "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State."

## JURISDICTION AND VENUE

21.     This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

22.     Defendants regularly conduct business in the state of California, therefore establishing personal jurisdiction.

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT

23.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and Plaintiff received the letter and illegal phone calls while in he resided in Orange County.

24.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## PARTIES

25.      Plaintiff, ANDREW LU, is natural person who resides in the State of California, in the City of Fontana, County of San Bernardino.

26.      Defendant NORTHERN RESOLUTION GROUP LLC("NORTHERN") is a New York limited liability company with its principal place of business located at 7288 Shawnee Road North Tonawanda, New York, 14120.

27.      Upon information and belief, Defendants John Does 1 through 10 are legal entities, the names and address of residences of which are unknown.

28.      Each Defendant uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  As part of its business in the regular collection of debts, each and every Defendant furnishes information to consumer reporting agencies.

## FACTS COMMON TO ALL COUNTS

23.      Plaintiff is a "Consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code 1785.3(b); and a "Debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

29.      Defendant NORTHERN is a "Debt Collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2;

30.      Defendant NORTHERN is a "Person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

6

31.    Equifax is a "consumer reporting agency" within the meaning of FCRA 15 U.S.C. § 1681a(f), and "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code §1785.3(d).

32.    Consumer report is defined as "consumer report" within the FCRA 15 U.S.C. §1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

33.    On or about December 1, 2013, Plaintiff obtained his consumer reports from Equifax, a major consumer reporting agency, and found an alleged delinquent account reported by the defendant.

34.    Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, NORTHERN.

35.    Discovery of Defendant's actions occurred in December 2013 and are within the statute of limitations as defined in the FCRA (15 U.S.C. § 1681p), the CCRAA (California Civil Code 1785.33), the FDCPA (15 U.S.C. § 1692k(d)), the RFDCPA (California Civil Code 1788.30(f)), and the TCPA 28 U.S.C. § 1658(a).

36.    On December 30, 2013, Plaintiff sent letters to Equifax credit reporting agency via United States Postal Service, addressing the invalid entry and requesting deletion of the delinquent account from Plaintiff's credit files, unless Defendant could provide and support a justifiable purpose for conducting the disputed credit reviews.

37.    On December 30, 2013, Plaintiff sent a letter to NORTHERN and disputed the debt and demanded a VALIDATION OF DEBT, however, defendant never provided a complete validation.

38.    Defendant, NORTHERN, failed to sufficiently validate the alleged debt, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, NORTHERN. No proper documentation was provided showing how the alleged debt was calculated.

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT

39.     On or about December 2013, Plaintiff applied for a credit card with Chase Bank and was denied solely because of the existence of NORTHERN's invalid report on Plaintiff's consumer credit report.

## FIRST CAUSE OF ACTION
### (AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)
### WILLFUL VIOLATION OF THE FCRA 15 U.S.C. §1681n *et seq.*

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Defendant, NORTHERN, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681n by continuing to report the alleged delinquent account on Plaintiff's account in the months of January and February of 2014 despite of Plaintiff's dispute and without providing a complete validation of debt, in violation of 15 U.S.C. §1681s-2(a)(1), as evidenced by Plaintiff's credit report.

42.     Defendant, NORTHERN, had a duty to properly investigate and validate the alleged debt. NORTHERN breached said duty by failing to do so. Under 15 U.S.C. §1681s-2(a)(1) NORTHERN should not have furnished any information relating to Plaintiff to any consumer reporting agency if NORTHERN knew or had reasonable cause to believe that the information is inaccurate.

## SECOND CAUSE OF ACTION
### (AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)
### NEGLIGENT VIOLATION OF THE FCRA 15 U.S.C. §1681o *et seq.*

43.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     Defendant, NORTHERN, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681n by continuing to report the alleged delinquent account on Plaintiff's account in the months of January and February of 2014 despite of Plaintiff's dispute and without providing a complete validation of debt, in violation of 15 U.S.C. §1681s-2(a)(1), as evidenced by Plaintiff's credit report.

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT

45.     Defendant, NORTHERN, had a duty to properly investigate and validate the alleged debt. NORTHERN breached said duty by failing to do so. Under 15 U.S.C. §1681s-2(a)(1) NORTHERN should not have furnished any information relating to Plaintiff to any consumer reporting agency if NORTHERN knew or had reasonable cause to believe that the information is inaccurate.

**THIRD CAUSE OF ACTION**
**(AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)**
**VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE §1785 *et seq*.**

46.     Defendant, NORTHERN, demonstrated willful and/or knowing noncompliance with the CCRAA, California Civil Code 1785.16(a), by continuing to report the alleged delinquent account on Plaintiff's account in the months of January and February of 2014 despite of Plaintiff's dispute and without providing a complete validation of debt, as evidenced by Plaintiff's credit report.

47.     Defendant, NORTHERN, had a duty to properly investigate and validate the alleged debt. NORTHERN breached said duty by failing to do so. Under 1785.16(a), NORTHERN should not have furnished any information relating to Plaintiff to any consumer reporting agency if NORTHERN knew or had reasonable cause to believe that the information is inaccurate.

**FOURTH CAUSE OF ACTION**
**(AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)**
**VIOLATION OF THE FDCPA 15 U.S.C. §1692 *et seq*.**

51.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     On or about December 2013, NORTHERN or its agents called Plaintiff in order to collect an alleged debt.

53.     In response to Plaintiff's Validation of Debt request. Defendant mailed an incomplete response letter that does not provide any information and proof on the actual alleged debt and assignment of the alleged debt to the Defendant.

54.     NORTHERN, in its response letter, alleged that the Plaintiff owes $200 in

"interest and fees" on a $314.98 alleged debt and NORTHERN will waive this interest and fee if the account gets paid in full, as evidenced in Defendant's letter on January 9, 2014. This $200 is an arbitrary number in violation of 15 U.S.C. §1692f(1).

55.     NORTHERN, violated 15 U.S.C. §1692, by attempting to collect a disputed debt and reporting a disputed debt to Equifax. Defendant failed to remove the false and misrepresented information from Plaintiff's consumer report after receiving the notice of dispute by the Plaintiff.

56.     NORTHERN or agents of NORTHERN called Plaintiff multiple times, on 1/21/2014, 2/04/2014, and 2/20/2014, in order to collect the alleged debt despite the fact that Plaintiff disputed the alleged debt and NORTHERN failed to provide a complete validation of that alleged debt.

57.     In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices.  Their violations include at least the following:

     a.    Engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff, in violation of 15 U.S.C. §1692d(5);

     b.    Falsifying the character, amount and legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A)

     c.    Using false representation and deceptive means to collect or attempt to collect an alleged debt, in violation of 15 U.S.C. §1692e(10);

     d.    Failing to provide notice of debts to Plaintiff, complete with all required disclosures, in violation of 15 U.S.C. § 1692e(11)

     e.    Collecting of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1);

     f.    Failing to provide written notices of Plaintiff's right to verification and information about their alleged debts, in violation of 15 U.S.C.

§1692g(a)

g.     Continuing collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b).

**FIFTH CAUSE OF ACTION**
**(AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)**
**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CALIFORNIA CIVIL CODE 1788 *et seq.***

58.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.    Defendants falsely and deceptively misrepresented that Plaintiff had a debt which constitutes a statutory violation under the *California Civil Code* §1788.17 that states "...Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect *a consumer debt shall comply with the provisions of Sections 1692b to 1692j*, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." (Emphasis Added)

60.    In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices. Their violations include at least the following:

a) Communicating, by telephone or in person, with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, in violation of California Civil Code §1788. 11;

b) Using false representations and deceptive means to collect or attempt to collect alleged debts, in violation of California Civil Code §1788. 17;

c) Using unfair and/or unconscionable means to collect alleged debts, violation of California Civil Code §1788. 17;

///

///

## SIXTH CAUSE OF ACTION
### (AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)
### NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     NORTHERN or agents of NORTHERN called Plaintiff on 1/21/2014, and 2/04/2014, in order to collect the alleged debt despite the fact that Plaintiff disputed the alleged debt, asked not to be called again, and NORTHERN failed to provide a complete validation of that alleged debt.

63.     The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

64.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future

## SEVENTH CAUSE OF ACTION
### (AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)
### WILLFUL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

66.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.     The foregoing acts and omissions of Defendants constitutes numerous and multiple willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

68.     As a result of Defendants' willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT

69.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future

### PRAYER FOR RELIEF
#### (AS TO DEFENDANT NORTHERN RESOLUTION GROUP LLC)

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant as follows:

    a.   Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681n;

    b.   Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681o;

    c.   Awarding Plaintiff civil penalties of $2,500 for each and every violation, pursuant to the CCRAA California Civil Code 1785.19(a);

    d.   Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FDCPA 15 U.S.C. §1692k(a)(2);

    e.   Awarding Plaintiff civil penalties of $1000 for each and every violation, pursuant to the RFDCPA *California Civil Code* §1788.30(b);

    f.   Awarding Plaintiff statutory damages of $500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3)(B);

    g.   Awarding Plaintiff statutory damages of $1,500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3);

    h.   Awarding Plaintiff actual damages each and every violation, pursuant to the 15 U.S.C. §1692k(a)(1), 15 U.S.C. §1681n(a)(1), 15 U.S.C. §1681o(a)(1), *California Civil Code* §1788.30(c);

    i.   Awarding Plaintiff any attorney's fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. § 1681o(b), and *California Civil Code* §1788.30(c);

    j.   Awarding Plaintiff punitive damages according to proof;

k.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l.  Awarding Plaintiff such other and further relief as the Court may deem just and proper.


DATED this 4th day of April, 2014.                    Respectfully submitted,


                                                      _____

                                                      Jim Q. Tran
                                                      Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT